UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 CR 927 |
| ) | |
| ERIK SHAMSUD-DIN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Defendant Erik Shamsud-Din has moved the Court pursuant to Federal Rule of Evidence 412 for the admission of evidence in this case regarding the victims' past sexual behavior. For the reasons discussed below, Defendant's motion is denied.

**BACKGROUND**

Count One of the Superseding Indictment charges Defendant Shamsud-Din with sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), from December 2006 through at least January 27, 2007. Count Two charges him with transporting a minor from Texas to Illinois on or about January 23, 2007, to engage in prostitution, in violation of 18 U.S.C. § 2423(a).

In order to establish a violation of Section 1591(a), the government must prove that Defendant recruited, enticed, harbored, transported, provided, obtained, or maintained Victim A, knowing or recklessly disregarding the fact that Victim A was a minor under the age of 18 and would be caused to engage in a commercial sex act. The offense must also affect interstate commerce. 18 U.S.C. § 1591(a). For a Section 2423(a) violation, the government must prove that Defendant transported Victim A, who was less than 18 years old, in interstate commerce

with the intent that Victim A engage in prostitution. *See United States v. Vasquez*, 611 F.3d 325, 328 (7th Cir. 2010); *United States v. Cox*, 577 F.3d 833, 834 (7th Cir. 2009). The government does not have to prove that Defendant knew or believed that Victim A was under the age of 18 to establish a violation of this offense. *Cox*, 577 F.3d at 836-37.

The government represents that its evidence will establish that Defendant used the internet to advertise the prostitution services of two females, a juvenile (Victim A) and an adult (Victim B), and taught Victim B how to use the internet to advertise herself. He then traveled with these females across the country for the women to meet with individuals who responded to the internet advertisements for the purpose of paying to have sex. Both females gave Defendant all of their earnings from the prostitution. Both Victims are expected to testify at trial.

Defendant represents that he intends to defend this case, in part, by arguing that he was merely traveling with Victims A and B in this case and had no involvement in their prostitution activities. He seeks to admit evidence that both Victims A and B engaged in prostitution activities before and after they met him, and that both Victims prostituted at other times without the protection of a pimp. Defendant further seeks to admit evidence that another pimp trafficked Victim A before she met Defendant. As explained below, this evidence falls squarely within Rule 412 and is thus inadmissible at trial.

## ANALYSIS

Federal Rule of Evidence 412(a) provides that in a criminal proceeding involving "alleged sexual misconduct," evidence "offered to prove that any alleged victim engaged in other sexual behavior" and "evidence offered to prove any alleged victim's sexual predisposition" is generally inadmissible at trial. Fed. R. Evid. 412(a). Rule 412, commonly known as the "rape

2

shield rule," aims to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details." Fed. R. Evid. 412 advisory committee's note. "By affording victims protection in most circumstances, the rule also encourages victims of sexual misconduct to institute and participate in legal proceedings against alleged offenders." *United States v. Ramone,* 218 F.3d 1229, 1235 (10th Cir. 2000) (quoting Fed. R. Evid. 412 advisory committee's note).

Rule 412(b)(1) provides three exceptions to Rule 412(a)'s bar on sexual misconduct evidence in a criminal case:

> A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;
> B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
> C) evidence the exclusion of which would violate the constitutional rights of the defendant.

Fed. R. Evid. 412(b)(1).

Before admitting any such evidence pursuant to Rule 412(b), a party must comply with the procedural requirements set forth in Rule 412(c). Specifically, Rule 412(c) provides:

> 1) A party intending to offer evidence under subdivision (b) must --
>
>> A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause requires a different time for filing or permits filing during trial; and
>> B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative.
>
> 2) Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The

3

> motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

Fed. R. Evid. 412(c)

## I. Rule 412 Applies to This Case

Defendant first argues that Rule 412 does not apply to this case because Victim A and Victim B are not victims of "alleged sexual misconduct" within the meaning of Rule 412. According to Defendant, because he is not charged with personally raping or sexually abusing either Victim, the protections afforded by Rule 412 do not apply to his case. He asserts that both victims acted as prostitutes "which is a crime for which they could have been jailed ... not a form of 'sexual misconduct' in which they were 'victims'" under Rule 412. Defendant's argument lacks merit.

Rule 412(a) applies in "any ... criminal proceeding involving alleged sexual misconduct...." This case unquestionably is a criminal proceeding that involves "alleged sexual misconduct." Defendant is charged with sex trafficking of a minor and transporting a minor to engage in prostitution. Both charges on their face involve sexual misconduct. *See United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009) (applying Rule 412 to violation of Section 1591); *United States v. Hitt*, 473 F.3d 146, 156-57 (5th Cir. 2006) (affirming application of Rule 412 to violation of Section 2423(a)). Defendant's attempts to argue that sex trafficking of a minor and prostitution do not amount to sexual misconduct under the statute are unavailing.

Furthermore, nothing in the plain language of the Rule limits its application to cases where a defendant is the one engaged in the sexual act with the victim, as Defendant advocates here. Indeed, the statute provides that it applies in "*any* ... criminal proceeding involving alleged sexual misconduct...." Fed. R. Evid. 412(a)(emphasis added). As the Advisory Committee

4

Notes explain, the "obvious" reason for applying the Rule to any criminal case is the "strong social policy of protecting a victim's privacy and encouraging victims to come forward to report criminal acts [and] is not confined to cases that involve a charge of sexual assault." Fed. R. Evid. 412 advisory committee's note.

Defendant also argues that Victim B is not a victim within the meaning of Rule 412 because she is an adult and a long-time prostitute, rather than a victim. The Court previously ruled that evidence regarding Defendants pimping of Victim B is admissible. (R. 84.) In addition, Defendant has pled guilty to pimping Victim B. Victim B is certainly a victim of Defendant's pimping activities.

## II. Rule 412 Bars Admission of the Proposed Evidence

Defendant argues that his proffered evidence is admissible under the third exception to the general rule of exclusion, namely that exclusion of his proffered evidence would violate his constitutional rights. He contends that preclusion of the sexual evidence regarding Victims A and B would deprive him of his right to a fair trial pursuant to the Fifth Amendment of the United States Constitution and his right to confront these witnesses pursuant to the Sixth Amendment. According to Defendant, exclusion of this evidence will deprive him of his defense that Victim B "and Victim A had independent, romantic reasons for being with him, that [Victim B] and Victim A were experienced prostitutes who had no need or reason to have a pimp (which indeed made no economic sense) and that activities that the government claims show that he acted as a pimp (such as posting on Craigslist and paying for lodging) were activities that both [Victim B] and Victim A could perform, and did perform, for themselves and that they had every incentive to perform for themselves if indeed they engaged in acts of prostitution." (R. 66 at 10-

11.) Defendant also argues that failure to use this sexual evidence will deprive him of his right to cross examine Victims A and B on the stand. The Court disagrees.

The Seventh Circuit has noted that the exceptions to Rule 412 apply in "limited circumstances." *United Stats v. Courtright*, 632 F.3d 363 (7th Cir. 2011). Indeed, the exception in Rule 412(b)(1)(C) is a "narrow exception" *United States v. Culver*, 598 F.3d 740, 749 (11th Cir. 2010).

Defendant's argument that the evidence is essential to support his defense essentially amounts to a propensity argument. He wants to argue that because the Victims allegedly acted as prostitutes before and after he is charged with pimping in this case, they did not need his pimping services to act as prostitutes in this case. This evidence is not properly admissible and is also irrelevant.

The Eighth Circuit addressed a similar argument in *United States v. Elbert*, 561 F.3d 771 (8th Cir. 2009). In *Elbert*, the defendant pled guilty to sex trafficking of a child in violation of Section 1951(a), but preserved his right to appeal the district court's exclusion of evidence of the victims' prior sexual behavior, including evidence that the victims had engaged in other acts of prostitution before and after the charged offense against the defendant. Similar to Defendant Shamsud-Din, the defendant in *Elbert* argued that the exclusion of this evidence of prior sexual behavior violated both his Constitutional right to a fair trial and his right to confront the victim witnesses. The Eight Circuit affirmed the district court's evidentiary ruling and specifically rejected the defendant's assertion that the evidence was even relevant to his defense:

> Elbert repeatedly argues evidence of the victims' prior acts of prostitution demonstrates he did not cause them to engage in commercial sex acts. This argument relies upon an

> improper construction of the phrase "caused to engage." 18 U.S.C. § 1591(a). Because the victims were minors and could not legally consent, the government did not need to prove the elements of fraud, force, or coercion, which are required for adult victims. *Id.* Instead, the government was only required to prove Elbert knowingly recruited, enticed, harbored, transported, provided, or obtained a minor, knowing the minor would be caused to engage in commercial sex acts. *Id.* Whether the children engaged in acts of prostitution before or after their encounters with Elbert is irrelevant, and would only prove other people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act. The disputed evidence did not go to any element of the offense for which Elbert was charged, and the exclusion of such irrelevant evidence did not violate the Due Process Clause of the Fifth Amendment.

*Elbert*, 561 F.3d at 777. The Court agrees with this reasoning, and finds that it is equally applicable to the Section 2423 charge in this case.

Defendant contends that his defense is broader than that in *Elbert* because his proffered evidence here offers a complete defense to the charges. He specifically asserts that he is arguing that the proffered evidence shows that Victims A and B engaged in the prostitution on their own and without his involvement or knowledge. His argument is a distinction without a difference. Defendant is free to explore whether the Victims engaged in the prostitution activities at issue in this case on their own, rather than with his assistance. He can also question the Victims about their computer skills and whether or not they are familiar with Craigslist, without asking about using it for advertising prior or subsequent prostitution activities. Defendant cannot, however, inquire into other prostitution activities. Such evidence of prior and post prostitution activities is the equivalent of propensity evidence and irrelevant to the charges.

Further, Victim A cannot consent to engage in the prostitution because she is a minor. *United States v. Rogers*, 587 F.3d 816, 820(7th Cir. 2009) ("Minors lack the capacity to consent, and so sexual contact with a minor is always 'without consent.'"). Thus, Defendant cannot use her alleged other prostitution activities to suggest that she agreed to engage in the prostitution

7

activities in this case.

Similarly, exclusion of the Victims' sexual history does not violate Defendant's Sixth Amendment right to confront these witnesses at trial. Courts have "wide latitude ... to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Clark*, __ F.3d __, 2011 WL 4336663, at *5 (7th Cir. Sept. 15, 2011); *see also United States v. Beck*, 625 F.3d 410, 417 (7th Cir. 2010). The exclusion of the Victims' prior sexual misconduct is appropriate because, as the Eighth Circuit noted in *Elbert*:

> the Victims' prior sexual history "has no impeachment value here because evidence the children previously engaged in prostitution does not contradict evidence the children engaged in the acts of prostitution for which [Defendant] has been charged." *Elbert*, 561 F.3d at 777.

*See generally Jardine v. Dittmann*, __ F.3d __, 2011 WL 4056677, at *4 (7th Cir. Sept. 14, 2011) ("But evidence that a sexual-assault complainant often consented to sex with other men is archetypally prejudicial and not highly probative of consent in a particular case; precisely that concern underlies rape-shield statutes."). The evidence also has marginal relevance, at best, regarding the Victims' credibility because prior prostitution activities do not bear on the Victims' truthfulness. *See United States v. Powell*, 226 F.3d 1181, 1199 (10th Cir. 2000); *Wood v. Alaska*, 957 F.2d 1544, 1550 (9th Cir. 1992); *United States v. Torres*, 937 F.2d 1469, 1473 (9th Cir. 1991).

Even if the evidence regarding the Victims' "alleged sexual misconduct" had some relevance or provided some valid basis for impeachment, the Court would nonetheless exclude it under Rule 403 given its marginal relevance. Any such probative value the evidence could have

8

is substantially outweighed by unfair prejudice, namely, the substantial risk that the jury will question the Victims' sexual morals and view them as immoral and untruthful because of their prior prostitution activities. Furthermore, the admission of this evidence is likely to confuse the issues before jury because these Victims are not on trial for their prostitution activities.

### III. The Government's Proposed Evidence Does Not Open the Door

For the reasons discussed above, the government's proposed evidence regarding Defendant's alleged sex trafficking of the Victims does not open the door to the admissibility of the evidence covered by Rule 412.

### CONCLUSION

For these reasons, the Court denies Defendant's motion to admit evidence regarding the Victims' past sexual behavior.

Dated: October 27, 2011  ENTERED

_____
AMY J. ST. EVE
United States District Court Judge